PER CURIAM. The amended complaint, which was accepted by the defendant and was verified, required from the defendant an amended answer, which should have been verified. The answer served was not verified. Therefore the judgment as entered was correct practice.

The defendant's default, however, will be vacated, providing he will within six days comply with the terms imposed by the order appealed from; and if he refuses to do so, then the motion to vacate judgment is hereby denied, and the order appealed from affirmed, with costs and disbursements.

---

### SIMONS et al. v. MARTIN & GIBSON MFG. CO.

(City Court of New York, General Term. November 18, 1898.)

1. ANSWER—AFFIRMATIVE DEFENSE.

An answer which is but a general denial does not admit of evidence to prove an affirmative defense of part payment or to prove a counterclaim.

2. PAYMENT—EVIDENCE.

Evidence that plaintiffs at some time had in their possession a certain amount of money belonging to defendant, does not show payment thereof to them in part payment of their claim against defendant.

Appeal from trial term.

Action by William J. Simons and others against the Martin & Gibson Manufacturing Company. From a judgment for plaintiffs for less than prayed for, and from an order denying a motion to set aside the verdict and for a new trial, plaintiffs appeal. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

A. Gruber and T. B. Chancellor, for appellants.
Justus W. Smith, for respondent.

O'DWYER, J. The answer herein was a general denial, and the admission of evidence to prove an affirmative defense of part payment or to establish a counterclaim was error; but, if that objection be waived for the purpose of argument, and supposing that the defendant's answer did contain all the necessary averments, the defendant's evidence, undisputed, fails to make out a counterclaim or defense. It will be borne in mind that these would be affirmative defenses, and the burden of proving them, therefore, on the defendant. The theory on which the evidence was received and submitted to the jury evidently was that the defendant had partly paid the plaintiffs' claim to the extent of $240. This appears from the judge's charge: "If you conclude that they had money which should be to the credit of the account, $240, then your verdict should be in their [plaintiffs'] favor for the sum of five hundred and sixty dollars." There is no evidence in the case which pretends to support this theory. There is no evidence whatever that the defendant ever paid to the plaintiffs the sum of $240, or any other sum, on account of the claim in suit. There is no evidence that this $240, which plaintiffs admit they had at some time or other in their hands, belonging to the defendant, had ever been appropriated by the plaintiffs in part payment of their claim,

or that the defendant had ever authorized or directed that it be so appropriated. On the contrary, the evidence is that the plaintiffs had $240 in their hands belonging to the defendant. The evidence that this $240 "belonged" to the defendant is inconsistent with the contention that it had been paid to the plaintiffs in part payment of their claim.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

FITZSIMONS, C. J., concurs.